32794. COWETA COUNTY *v.* BANISTER, administrator.

DECIDED FEBRUARY 2, 1950.

*Eugene Cook, Attorney-General, W. V. Rice, Cam D. Dorsey .Jr., T. V. Williams, Assistant Attorneys-General,* and *Walter D. .Sanders,* for plaintiff in error.

*S. B. Wallace, J. L. Glover,* contra.

FELTON, J. It is not specifically alleged that any negligence ·of the defendant was the proximate cause of the death of the plaintiff's intestate, but treating the allegation, "Defendants have injured and damaged . . by reason of the following facts," as being sufficient, it nevertheless must be held that no cause of action is set forth by the amended petition. The petition alleges that the guardrails on the bridge on the highway in question "were broken down and broken off at least half way across the upper or north side of said bridge." It alleges that the bridge was at the beginning of a right-angle turn. It is not alleged whether the guardrails were missing from the east or west half of the north side of the bridge. It is also not alleged whether the right-angle turn was on the east or west side of the bridge and in what direction it turned. In the absence of such allegations, this court cannot determine whether the missing guardrails, even if their absence amounted to negligence, might be found to be the proximate cause of the injuries sued for. Construing the petition against the pleader, the right-angle turn

must be construed to be on the east side of the northern side of the bridge. In this situation, we do not think that the missing guardrails could be said to have been the proximate cause of the automobile running off the bridge. So construing the petition, the automobile approached the bridge in a straight line. The driver could determine from the guardrails on the east side where the bridge started; and if he was properly on the right-hand side of the bridge (Code § 68-303), he could determine from the guardrails on the south side where the end of the bridge was located before turning into the right-angle turn to the right. The ruling in this case is confined to the facts as the petition is construed to allege them, under the rule of construction against the pleader. No opinion is expressed as to any other state of facts not before us. Under the construction placed on the petition, we hold that the sole proximate cause of the injuries was the acts of the driver of the automobile, and that the negligence of the county, if any, did not cause or contribute to the injuries. The driver of the automobile could have discovered the negligence of the county, if any, by the exercise of ordinary care, and could have avoided such negligence, if any, by the exercise of ordinary care.

The court erred in overruling the general demurrer to the petition.

*Judgment reversed.: Sutton, C. J., and Worrill, J., concur.*